**FILED**
**Feb 15, 2018**
**08:51 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| Olga Esperanza Iboy, | ) | Docket No. 2017-06-1855 |
| Employee, | ) | |
| v. | ) | |
| Kenten Management, LLC, | ) | State File No. 54088-2017 |
| Employer, | ) | |
| And | ) | |
| Employers Preferred Ins. Co., | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER

Olga Esperanza Iboy[1] filed a Request for Expedited Hearing seeking a ruling on the compensability of her claim. This Court held the hearing on February 13, 2018. The central legal issue is whether Kenton Management, LLC is likely to prevail at trial in its denial of Ms. Iboy's claim based on its affirmative defense that she willfully failed to use a safety device resulting in her work injury. For the following reasons, the Court holds Kenten Management failed to satisfy its burden of proof regarding its defense of willful failure to use a safety device and rejects it.[2]

### History of Claim

Ms. Iboy worked as a laundry attendant at Kenten Management's hotel. On June

---

[1] She testified that her full name is Olga Esperanza Iboy Barrientos, but the majority of the Court documents simply refer to her as "Esperanza Iboy."

[2] The Dispute Certification Notice lists the sole issue as compensability. The parties briefed Ms. Iboy's entitlement to medical and temporary disability benefits, but the Court cannot rule on uncertified issues. *See* Tenn. Code Ann. § 50-6-239(b)(1) (2017) ("[O]nly issues that have been certified by a workers' compensation mediator within a dispute certification notice may be presented to the workers' compensation judge for adjudication."). Ms. Iboy's counsel additionally requested that the Court order payment of his attorney fee under Tennessee Code Annotated section 50-6-226(d)(1)(B), but the Court cannot reach this issue if it cannot address Ms. Iboy's entitlement to medical and/or temporary disability benefits.

16, 2017, she stood on a one-step stool to attempt to turn on a dryer where the on/off button was located above her head near the top of the appliance. She lost her balance and fell forcefully on her buttocks, injuring her back. Ms. Iboy sought emergency care, where providers diagnosed a compression fracture of the vertebra and performed surgery. Kenten Management offered a panel for her post-surgery care, and Ms. Iboy chose Concentra.[3] Kenten Management later filed a Notice of Controversy, terminating medical benefits. The notice explained, "Your employer told you to utilize the 2 step stool while working you [sic] chose to utilize the one step stool."

The parties dispute the circumstances surrounding the fall. Ms. Iboy testified that the single-step stool was the only stool available immediately before the accident. However, on previous occasions, both stools were available at times, and co-workers used either stool. Ms. Iboy stated that a male co-worker occasionally took the two-step stool outside of the laundry room where she worked. On the date of injury, he was not present nor was the two-step stool. Ms. Iboy testified that her supervisor, Terrie Pattum, was not present in the laundry room before she fell, but afterward she came into the room when Ms. Iboy lay on the floor in pain.

Kenten Management did not offer live testimony and gave a different account of the incident in Terrie Pattum's declaration. She stated that on the date of injury, Ms. Iboy began to use the one-step stool, which Ms. Iboy removed from a maintenance closet. According to Ms. Pattum, she saw her with the one-step stool and told Ms. Iboy to use only the two-step stool, pointing at it "under the laundry table indicating that it was the correct stool to use." Kenten Management offered no proof as to why a one-step stool was safer than a two-step stool or why a two-step stool should be considered a safety device. The only proof provided indicated Ms. Iboy fell off the stool, not that the stool tipped over.

Significantly, Ms. Iboy speaks Spanish and used an interpreter during the hearing. She testified that she never went to school, and she learned how to write her signature as an adult but otherwise cannot write. Per Ms. Iboy, Ms. Pattum speaks some Spanish, and the two also communicated via "sign language." Ms. Iboy testified that no one at Kenten Management ever told her she was not permitted to use the single-step stool. She denied retrieving the single-step stool from a maintenance closet on the day she fell. She stated that if the stool were dangerous, her employer should not have allowed it in the workplace. Ms. Iboy further stated that Kenten Management did not discipline her after the incident for using the single-step stool, nor was she aware of any co-workers being disciplined for using it.[4]

---

[3] The Court notes that the panel offered is rather an odd choice, given that Ms. Iboy underwent major orthopedic surgery and the panel consisted of urgent care facilities rather than orthopedists. However, as previously noted, medical benefits were not the subject of this hearing.

[4] Kenten Management additionally mentioned in its brief that Ms. Iboy allegedly wore improper footwear

2

## Findings of Fact and Conclusions of Law

At an expedited hearing, Ms. Iboy must provide sufficient evidence from which the Court can determine she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). However, since Kenten Management raised the willful refusal to use safety equipment defense, it bears the burden of proof. Tenn. Code Ann. § 50-6-110(b). This defense consists of four elements: (1) the employee's actual, as opposed to constructive, notice of the rule, (2) the employee's understanding of the dangers involved in violating the rule, (3) the employer's bona fide enforcement of the rule, and (4) the employee's lack of a valid excuse for violating the rule. *Roper v. Allegis Grp.*, 2017 TN. Wrk. Comp. App. Bd. LEXIS 14, at *7 (Feb. 10, 2017), *citing Mitchell v. Fayetteville Public Utils.*, 368 S.W. 442, 453 (Tenn. 2012). Ms. Iboy argued that Kenten Management satisfied none of these factors. The Court agrees.

In matters such as this, witness credibility plays an important role. Indicia of witness credibility that trial courts consider include whether a witness is "calm or agitated, at ease or nervous, self-assured or hesitant, steady or stammering, confident or defensive, forthcoming or deceitful, reasonable or argumentative, honest or biased." *Kelly v. Kelly,* 445 S.W.3d 685, 694-695 (Tenn. 2014). Although Ms. Iboy spoke only in Spanish, the Court observed her facial expressions and mannerisms and finds Ms. Iboy credible; she testified in a manner that was calm, at-ease, self-assured, steady, confident, forthcoming, reasonable and honest.

Ms. Iboy credibly testified that no one with Kenten Management told her it prohibited use of the one-step stool, and in fact, she and others used the two stools interchangeably. The Court gives greater weight to her testimony over the declaration of Ms. Pattum indicating that she gave a verbal instruction not to use the single-step stool. The Court also notes that even if Ms. Pattum gave this instruction, the Court does not know whether Ms. Iboy understood it, given the language barrier. Therefore, the first factor – the employee's actual notice of a rule – favors Ms. Iboy's assertion that she had no notice of a safety rule, if indeed this unwritten, undocumented "notice" could be considered a safety rule. The Court reminds that fault and negligence have no foothold in the realm of workers' compensation. *See Roper,* at *11 ("[T]he Supreme Court in *Mitchell* reinforced longstanding precedent that an employee's negligent or reckless actions generally are not enough to defeat a claim for workers' compensation benefits.")

As previously stated, Ms. Iboy testified she and others used the two stools interchangeably. This suggests that she and her co-workers did not understand the

---

that somehow contributed to her fall, but during cross-examination it asked no questions about this, nor did it raise the issue in closing. Therefore, the Court considers the argument abandoned.

"dangers" involved in using the single-step stool, so the second factor also favors Ms. Iboy. Kenten Management offered no evidence of "dangers" involved with a one-step stool. Also, the Court notes that Ms. Iboy fell off the stool because she lost her balance. Losing her balance is a danger associated with standing on any size stool.

As for the third factor, the employer's bona fide enforcement of the rule, Ms. Iboy testified that she received no discipline after her fall, nor was she aware of any other co-workers being disciplined for using the single-step stool. Kenten Management conceded that it disciplined none of its employees for using the single-step stool but asserts that this is because this was the first time such a situation arose. This assertion is contrary to Ms. Iboy's testimony that others used both stools interchangeably. Further, what Kenten Management essentially argued is that no one ever fell from using the single-step stool until Ms. Iboy's fall – and even then, it offered no proof of discipline of Ms. Iboy or anyone else. Thus, this factor favors Ms. Iboy as well.

Finally, Ms. Iboy credibly testified that no other stool was available for performing her job duties on the date of injury, which strikes the Court as a valid excuse for violating the "rule" – although the Court is unconvinced this admonition rises to the level of a "rule."

Therefore, the Court holds that Kenten Management is unlikely to prevail at a hearing on the merits of its affirmative defense. Kenten Management is required by Tennessee Code Annotated sections 50-6-204(a)(1)(A) and 50-6-207 to provide certain benefits.

This matter is set for a Scheduling Hearing on **April 2, 2018, at 9:30 a.m. Central Time.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the hearing. Failure to call may result in a determination of the issues without your participation.

**ENTERED February 15, 2018.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:
1. Olga Esperanza Iboy's Affidavit
2. Concentra records
3. Causation letter
4. Wage statement
5. Choice of Physician form
6. Notice of Controversy
7. Affidavit (declaration) of Terrie Pattum
8. Photos of the workplace
9. Ms. Iboy's Answers to Interrogatories

Technical Record:
1. Petition for Benefit Determination
2. Employer's Pre-Mediation Position Statement
3. Employee's Pre-Mediation Position Statement
4. Dispute Certification Notice
5. Request for Expedited Hearing
6. Brief in Response of Employee's Request for Expedited Hearing (Exhibit B not attached; not filed)
7. Witness List
8. Ms. Iboy's Pre-Hearing Statement

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent to these recipients by the following methods of service on February 15, 2018.

| Name | Certified Mail | Fax | Regular mail | Email | Sent to |
|------|----------------|-----|--------------|-------|---------|
| Michael Fisher, Employee's attorney | | | | X | Mfisher@ddzlaw.com |
| Troy Hart, Andrew Womack, Employer's attorneys | | | | X | wth@mijs.com; mawomack@mijs.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov